UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

TIFFANY VAUGHN,                    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )        No. 1:24-CV-00138 SNLJ
                                   )
PERFORMANCE LABS, et al.,          )
                                   )
        Defendants.                )

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of self-represented plaintiff Tiffany Vaughn for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court finds it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating the court must accept factual allegations in the complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who has filed the instant Civil Complaint against seven defendants: (1) Performance Labs, LLC (d/b/a EBO M.D. Lab Collections)[1]; (2) Missouri Children's Division (MCD); (3) Anthony Thompson (co-owner of EBO); (4) Cody Tyler (co-owner of EBO); (5) Spring Cook (employee of MCD); (6) Lisa Bequette (employee of MCD); and

---

[1]Hereinafter the Court will refer to defendant Performance Labs, LLC as EBO.

2

(7) Kiersten Lamar (employee of EBO). Plaintiff indicates she is bringing this action pursuant to 42 U.S.C. § 1983. Plaintiff sues defendants Cook and Bequette in both their individual and official capacities. The Court notes that plaintiff filed the same, or a substantially similar action against defendants on May 15, 2023. *See Vaughn v. EBO Labs, et al.,* No. 1:23-CV-00079 SNLJ (E.D.Mo.). The action was dismissed for failure to state a claim on July 14, 2023. *Id.*

In the instant action, plaintiff states that the claimed violations consist of, but are not limited to, the following:

1. Negligence, Wantonness, and/or Willfulness
2. Forgery
3. Violation of rights protected by HIPAA
    a. RSMO 191.227 Access to Medical Records
    b. 45 C.F.R. § 164.524 Right of Access
4. Violation of Plaintiff's Right to Due Process
    a. Violation of Plaintiff's XIV Amendment Right
5. Violation of Plaintiff's IV Amendment Right
6. Violation of Plaintiff's Fundamental Liberty Interest
    a. Interference in Child Custody and Visitation
7. Violation of Plaintiff's IX Amendment Right
8. Conspiracy
    a. 18 U.S.C. § 1349 Attempt & Conspiracy
    b. 18 U.S.C. § 241 Conspiracy Against Rights
9. Perjury
10. Fraud &/or Misrepresentation
11. Defamation/Slander
12. Coercion/Extortion

Plaintiff claims EBO is a private lab that contracts with MCD to provide urinalysis and hair follicle testing services. Plaintiff asserts that in December of 2020, EBO collected specimens from plaintiff through its employee, defendant Lamar. Lamar allegedly sent those specimens to the EBO lab to be tested. According to plaintiff, EBO contracts with MCD to provide testing on urine, hair follicles and blood for drug and DNA testing.

Plaintiff alleges that in 2020, EBO provided false reports to MCD indicating she tested positive for illegal drugs when she should have tested negative. Plaintiff further contends that on

3

one occasion defendant Tyler improperly signed her initials on a chain of custody form relating to a sample plaintiff appears to deny was hers. Plaintiff claims defendants EBO, Thompson, and Tyler attempted to cover up their actions by denying a request for copies of her test results. Plaintiff asserts all defendants used the false results to ensure she was denied custody and visitation rights to her three children.

The complaint provides eleven specific counts: (1) Count I: Negligence, Wantonness, and/or Willfulness; (2) Count II: Forgery; (3) Count III: Violation of Rights Protected by HIPAA, RSMO 191.227 Access to Medical Records, 45 C.F.R. § 164.524 Right of Access; (4) Count IV: Violation of Plaintiff's Right to Due Process, Violation of Plaintiff's XIV Amendment Right; (5) Count V: Violation of Plaintiff's IV Amendment Right; (6) Count VI: Violation of Plaintiff's Fundamental Liberty Interest Interference in Child's Custody & Visitation; (7) Count VII: Violation of Plaintiff's IX Amendment Right; (8) Count VIII: Conspiracy, 18 U.S.C. § 241 Conspiracy Against Rights; (9) Perjury; (10) Defamation/Slander; and (11) Coercion/Extortion.

Plaintiff's injuries are described as loss of reputation, employment, custody, visitation, authoritative image to her children, freedom, time, money, pain, suffering, and psychological symptoms. For relief, plaintiff seeks compensatory and punitive damages in undisclosed amounts, court costs, an order "forcing Defendants MCD, Bequette, and Cook [to] notify Scott County Family Court of said wrongdoing so to correct such on the courts record," an order "forcing Defendants EBO, Thompson, Tyler, and Lamar to have a third-party audit and review any/all other test results that might be brought into question," an order requiring defendants to be trained properly, and an order requiring a review of MCD's policies and procedures.

4

## Discussion

Having carefully reviewed plaintiff's complaint, the Court finds that the allegations brought against all defendants fail to state a claim.

As noted above, plaintiff filed the same or a substantially similar action against these defendants on May 15, 2023. *See Vaughn v. EBO Labs, et al.,* No. 1:23-CV-00079 SNLJ (E.D.Mo.). The action was dismissed for failure to state a claim on July 14, 2023. *Id.* The allegations in the instant complaint, which plaintiff has filed in forma pauperis, are duplicative of the allegations plaintiff brought in *Vaughn v. EBO Labs, et al.,* No. 1:23-CV-00079 SNLJ (E.D.Mo.), which the Court dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

While the dismissal of the prior case "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a § 1915(e)(2)(B) dismissal "has res judicata effect 'on frivolousness determinations for future in forma pauperis petitions.'" *Waller v.Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). Accordingly, this Court determines the § 1915(e)(2)(B) dismissal of *Vaughn v. EBO Labs, et al.,* No. 1:23-CV-00079 SNLJ (E.D.Mo.), has res judicata effect and establishes that this second, nearly identical complaint is frivolous for § 1915(e) purposes. The Court will therefore dismiss the complaint as frivolous under § 1915(e).

Thus, liberally construing the complaint, plaintiff's allegations against defendants will be dismissed pursuant to § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this _5th_ day of August, 2024.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE