UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| TIFFANY M. VAUGHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-CV-00138 SNLJ |
| | ) | |
| PERFORMANCE LABS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Self-represented plaintiff Tiffany Vaughn filed this civil action on July 19, 2024, pursuant to 42 U.S.C. § 1983, against seven (7) defendants: (1) Performance Labs, LLC (d/b/a EBO M.D. Lab Collections); (2) Missouri Children's Division (MCD); (3) Anthony Thompson (co-owner of EBO); (4) Cody Tyler (co-owner of EBO); (5) Spring Cook (employee of MCD); (6) Lisa Bequette (employee of MCD); and (7) Kiersten Lamar (employee of EBO). [ECF No. 1]. Plaintiff was granted leave to proceed in forma pauperis on August 5, 2024. [ECF No. 5]. The Court notes that plaintiff filed the same, or a substantially similar action against defendants on May 15, 2023. *See Vaughn v. EBO Labs, et al.,* No. 1:23-CV-00079 SNLJ (E.D.Mo.). The action was dismissed for failure to state a claim on July 14, 2023. *Id.*

On August 5, 2024, the Court reviewed plaintiff's action pursuant to 28 U.S.C. § 1915, and after finding that this action was the same or similar action as the prior action filed in this Court, dismissed plaintiff's action as duplicative of her prior action. In doing so, this Court cited to *Waller v. Groose,* 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) and *Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). After seeking reconsideration of the dismissal, plaintiff appealed the dismissal to the Eighth Circuit Court of

Appeals on September 17, 2024. *See Vaughn v. Performance Labs, LLC, et al.,* No. 24-2920 (8th Cir.). Although on November 14, 2024, the Court of Appeals initially summarily affirmed the judgment of this Court, the Court of Appeals vacated the judgment when it granted plaintiff's motion for rehearing by a panel on December 10, 2024. *Id.*

On December 30, 2024, the Court of Appeals reversed and remanded the matter to this Court, finding that because plaintiff's case in *Vaughn v. EBO Labs, et al.,* No. 1:23-CV-00079 SNLJ (E.D.Mo.) was dismissed for failure to state a claim rather than as frivolous under 28 U.S.C. § 1915(e)(2)(B), her second and duplicative case brought pursuant to § 1915 could not be dismissed under the doctrine of res judicata. *Id.* The Court of Appeals indicated that this Court should therefore address the merits of plaintiff's action.

Plaintiff, however, is a pro se litigant, and she is required to utilize a Court-provided form for the filing of her civil complaint. *See* Local Rule 2.06. She cannot simply annotate in the section of her complaint marked "Statement of Claim" on the Court-provided form, "See attached," and refer to twenty-six (26) supplementary-typed, single-spaced pages of conclusory allegations against the seven (7) defendants for this Court to. Rather, plaintiff must attempt, to the best of her ability, to fill out all sections of the Court-provided Civil Complaint form, and **only if** necessary, may she attach additional pages setting forth her "Statement of Claim."

Pursuant to Federal Rules 8 and 10, when submitting a Civil Complaint to this Court, plaintiff is required to set out her alleged claims in a simple, concise, and direct manner, and the facts supporting her claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Additionally, plaintiff

should avoid naming anyone as a defendant unless that person is directly related to her claim(s), as there is no respondeat superior liability (vicarious liability) under 42 U.S.C. § 1983.

When amending her complaint, in the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific facts supporting her claim or claims against that defendant, as well as the constitutional right or rights that defendant purportedly violated. If plaintiff is suing more than one defendant, she should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting her claim or claims against that defendant and the constitutional rights violated.[1] Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.,* 849 F.3d 400, 404 (8th Cir. 2017).

Although plaintiff may join in one action as many claims as she has against a *single* defendant, *see* Fed. R. Civ. P. 18(a) (emphasis added), when *multiple defendants* are named, the Court must consider whether the defendants are properly joined under Rule 20(a)(2) of the Federal Rules of Civil Procedure. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.,* 696 F.2d 53, 57 (7th Cir. 1982).

---

[1] Under Rule 20(a)(2), a plaintiff may join multiple defendants in one action only if her claims against them arise out of the same transaction or occurrence or if a series of transactions or occurrences present common questions of law or fact. Unrelated claims against different defendants must be brought in different suits. Plaintiff should therefore decide what claims to pursue in this lawsuit and what claims she wishes to pursue in any separate lawsuit(s) in the future. She may seek additional complaint forms from this Court by contacting the Court Clerk.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims she wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, claims in her prior action filed in *Vaughn v. EBO Labs, et al.,* No. l:23-CV-00079 SNLJ (E.D.Mo.), claims filed in supplements or exhibits and/or pleadings that are not included in the amended complaint, will be deemed abandoned and will not be considered.

Again, the allegations in the complaint may not be conclusory, and claims that plaintiff has been told in prior cases and prior Court Orders that fail to state a claim should not be included in her amended complaint.[2] Instead, plaintiff must plead facts that show how each and every defendant she names is personally involved in or directly responsible for the alleged harm.[3] If

---

[2] For example, plaintiff was previously told in *Vaughn v. EBO Labs, et al.,* No. l:23-CV-00079 SNLJ (E.D.Mo.) that there is no private right of action to sue under HIPAA (45 C.F.R. § 164.524), similarly there is no private cause of action under 18 U.S.C. § 241, 18 U.S.C. § 666, 18 U.S.C. § 1347, and 18 U.S.C. § 1349 because the aforementioned are criminal statutes that do not have a private civil cause of action. *See Jones v. Davis*, 2016 WL 1090629, at *2 (E.D. Mo. Mar. 21, 2016); *Mod. Orthopaedics of New Jersey v. Horizon Healthcare Servs., Inc.,* 2022 WL 3211417, at *4 (D.N.J. Aug. 8, 2022) (there is no private action for a claim that an individual has a right to access their protected health information); *U.S. v. Wadena,* 152 F.3d 831, 846 (8th Cir. 1998) ("Courts have repeatedly held that there is no private right of action under [18 U.S.C.] § 241, even though the statute allows federal authorities to pursue criminal charges"); *Jason v. Grp. Health Co-op. Inc.,* 2013 WL 3070592 (9th Cir. 2013) ("there is no private right of action under 18 U.S.C. § 1347, which defines a party's criminal liability for Medicare fraud); *Grant v. Alperovich,* 2013 WL 6490596, at *5 (W.D. Wash. Dec. 10, 2013) ("neither 18 U.S.C. § 1347 or 18 U.S.C. § 1349 provides a private right of action"); *Myers v. Davenport*, 2014 WL 2805278, at *1 (D. Mass. June 18, 2014) ("there is no authority to permit a private cause of action under this criminal statute [18 U.S.C. § 666]."). Despite this, plaintiff included causes of action for these claims in her complaint in this action. She has also included causes of action for the additional criminal statutes of perjury and extortion. Unfortunately, plaintiff cannot recover civilly for these criminal acts. *See Liddell v. Smith,* 345 F.2d 491, 494 (7th Cir. 1965) (no civil action lies in tort for perjury); *see also Taylor v. Leadec Corp.,* 2019 WL 3414265, *3, No. 4:18-CV-409 RLW (E.D.Mo. July 29, 2019) (discussing criminal extortion in Missouri and federal RICO extortion but noting that there is no such thing as civil extortion in Missouri).

[3] In plaintiff's initial complaint she brought official capacity claims against the MCD, caseworker Bequette, and case circuit manager Cook. As set forth in *Vaughn v. EBO Labs, et al.,* No. l:23-CV-00079 SNLJ (E.D.Mo.), these claims were subject to dismissal because MCD is not a suable entity, and neither are its employees in their official capacities for the purposes of 42 U.S.C. § 1983. *Fischer v. Jefferson Cnty. Missouri Childrens Div.,* 2017 WL 2813428, at *2 (E.D. Mo. June 29, 2017) (citing *Will v. Mich. Dep't of*

4

plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant. In filing the amended complaint, plaintiff should also remember that 42 U.S.C. § 1983 confers no rights; it allows a private citizen to recover if they are harmed by a violation of rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994).

If plaintiff fails to file an amended complaint on the Court's form within twenty-one (21) days, and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that in accordance with the Mandate entered by the Eighth Circuit Court of Appeals on December 31, 2024, the Memorandum and Order and Order of Dismissal entered on August 5, 2024 [ECF Nos. 5 and 6] are **VACATED**.

**IT IS FURTHER ORDERED** that in accordance with the Judgment from the Eighth Circuit Court of Appeals entered on December 31, 2024, this matter is **REOPENED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Civil Complaint form (non-prisoner).

---

*State Police*, 491 U.S. 58, 71 (1989)). In fact, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will,* 491 U.S. at 71; *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"); *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) ("A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."). To the extent plaintiff sought prospective injunctive relief in her original complaint against the governmental defendants in their official capacities, *see Monroe v. Ark. State. Univ.,* 495 F.3d 591, 594 (8th Cir.2007), it appears her claims for relief are moot because she is no longer being drug tested by EBO at this time. If plaintiff is being drug tested by EBO, she needs to indicate such in her amended complaint.

5

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court's Civil Complaint form in compliance with the Court's instructions.

**IT IS FINALLY ORDERED** that plaintiff's failure to timely comply with this Memorandum and Order shall result in the dismissal of this action, without prejudice and without further notice.

Dated this 13th day of January, 2025.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE