UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TIFFANY VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00138-SNLJ |
| | ) |
| PERFORMANCE LABS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of *pro se* plaintiff Tiffany Vaughn for leave to commence this civil action without prepayment of the required filing fee [Doc.19] and for review of plaintiff's Amended Complaint [Doc. 18] pursuant to 28 U.S.C. § 1915(e)(2). Having reviewed plaintiff's motion and financial information, the Court will grant the motion, but the case will be dismissed for the reasons set forth below.

## LEGAL STANDARD

Under § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To sufficiently state a claim for relief, a plaintiff must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must accept factual allegations in the complaint as true but is not required to accept as true "any legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court construes a *pro se* complaint liberally, "but the complaint must still allege sufficient facts to support the claims advanced."  *Sandknop v. Missouri Department of Corrections*, 932 F.3d 739, 741 (8th Cir. 2019.  A liberal construction means that "if the essence of an allegation is discernible. . .then the district court should construe the complaint in a way that permits [the] claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, the Court will not supply additional facts, nor construct a legal theory that assumes facts not pled.  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## BACKGROUND

Plaintiff Tiffany Vaughn filed this action alleging claims under 42 U.S.C. § 1983 and state law against defendants Performance 360 Labs, LLC (d/b/a EBO), Missouri Children's Division (MCD), Anthony Thompson (co-owner of EBO), Cody Tyler (co-owner of EBO), Spring Cook (employee of MCD), Lisa Bequette (employee of MCD), and Kiersten Lamar (employee of EBO).  [Doc. 1].  Plaintiff previously filed a substantially similar lawsuit against defendants that was dismissed by the Court for failure to state a claim pursuant to § 1915(e)(2).  *See Vaughn v. EBO Labs, et al.,* No. l:23-cv-00079-SNLJ (E.D. Mo. July 14, 2023).  Based on the prior dismissal, the Court dismissed the Complaint in the instant case on the grounds of res judicata.  [Docs. 5, 6].

Plaintiff appealed the dismissal to the Eighth Circuit Court of Appeals. [Doc. 9]; *see also Vaughn v. Performance Labs, LLC, et al.,* No. 24-2920 (8th Cir.). The Court of Appeals reversed the dismissal on the grounds that the duplicative action could not be dismissed under the doctrine of res judicata because plaintiff's prior case was dismissed for failure to state a claim under § 1915(e)(2), rather than as frivolous. [Doc. 15]. The Court of Appeals instructed this Court on remand to determine whether plaintiff's complaint states a claim. [*Id.*].

After the mandate was issued, this Court ordered plaintiff to file an amended complaint. [Doc. 17]. Plaintiff was warned that "the filing of an amended complaint replaces the original complaint and all previously filed pleadings, so plaintiff must include each and every one of the claims she wishes to pursue in the amended complaint." [*Id.* at 4]. She was further warned that:

> Any claims from the original complaint, claims in her prior action filed in *Vaughn v. EBO Labs, et al.*, No. 1:23-CV-00079 SNLJ (E.D.Mo.), claims filed in supplements or exhibits and/or pleadings that are not included in the amended complaint, will be deemed abandoned and will not be considered.
>
> Again, the allegations in the complaint may not be conclusory, and claims that plaintiff has been told in prior cases and prior Court Orders that fail to state a claim should not be included in her amended complaint. Instead, plaintiff must plead facts that show how each and every defendant she names is personally involved in or directly responsible for the alleged harm.

[*Id.*]. Additionally, the Court explained that plaintiff had expressly been told that there is no private right of action to sue under HIPAA nor under federal criminal statutes, and that the Missouri Children's Division and its employees in their official capacities are not suable under § 1983. [*Id.* at fn. 2, 3]. As set forth below, Plaintiff ignored these admonishments in the filing of her Amended Complaint. *See* [Doc. 18].

3

In the Amended Complaint, plaintiff names the following as defendants: Performance 360 Labs (EBO), Anthony Thompson, Cody Tyler, Kerstin Lamar, Spring Cook, Lisa Bequette, and Scott County Children's Division. [Doc. 18 at 1]. Plaintiff specified that she is suing each defendant in their individual and official capacities. [*Id.* at 2-5]. Under her statement of claim, plaintiff alleges that defendant Tyler "forged her initials on a chain of custody form for an unknown hair sample, falsely representing positive drug test results." [*Id.* at 8]. She further alleges that as a result of his action, she suffered "emotional & physical distress, loss of custody and visitation rights." [*Id.*]. She then lists each defendant by name and sets forth a list of claims under each defendant's name. [*Id.* at 8, 10-11]. Finally, she sets forth a "Summary of Claims" in which she includes additional claims against the defendants collectively. [*Id.* at 11]. Plaintiff alleges only one to three sentences for each claim. [*Id.* at 8, 10-11].

Plaintiff alleges the following claims in the Amended Complaint: 1) negligence against all defendants; 2) forgery against EBO, Thompson, and Tyler; 3) violations of HIPAA and § 191.227 RSMo. against EBO "and its affiliates;" 4) conspiracy against all defendants; 5) falsification of records against Lamar; 6) violations of due process by submitting false information to the state court thereby interfering with child custody and visitation against all defendants; 7) violations of the Fourth Amendment against all defendants; and 8) violations of equal protection rights against all defendants. [*Id.* at 8, 10-11]. Plaintiff seeks compensatory and punitive damages. [*Id.* at 8-9].

## DISCUSSION

**A. Jurisdiction**

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993). For that reason, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). "[J]urisdiction is a threshold question and must be answered before all other questions." *Ginters v. Frazier*, 614 F.3d 822, 826 (8th Cir. 2010). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P 12(h)(3).

Since the Supreme Court's decision in *Barber v. Barber*, 62 U.S. 582, 584 (1858), federal courts have disclaimed jurisdiction over cases involving domestic relations. *See Wallace v. Wallace,* 736 F.3d 764, 766 (8th Cir. 2013); *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994); *Keys v. Department of Social Services*, No. 4:25-cv-00377, 2025 WL 917192, at *2 (E.D. Mo. Mar. 25, 2025); *Travis v. Fam. Support Div. of Missouri Dep't of Soc. Servs.*, No. 4:23-CV-01276-SEP, 2024 WL 3486345 (E.D. Mo. July 19, 2024); *Bickley v. Div. of Fam. Servs.*, No. 4:18-CV-366-SNLJ, 2018 WL 2557420 (E.D. Mo. June 4, 2018). In *Khan*, the Eighth Circuit recognized that "[t]he domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." 21 F.3d at 861. Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id.* "The family law exception to federal jurisdiction applies even when a party is alleging a violation of federal

5

law, and federal courts may not resolve child custody questions . . . even if there is an allegation of a constitutional violation." *Keys*, 2025 WL 917192, at *2 (cleaned up).

Here, plaintiff is asking this Court to determine that the defendants committed wrongdoing in connection with state child custody proceedings. Although plaintiff drafted her complaint to allege federal civil rights violations, her claims are "inextricably intertwined" with the state court determination of custody and visitation rights concerning her children. Packaging her claims as civil rights violations does not change the fact that plaintiff is alleging error in the state court proceedings. To grant plaintiff relief would run afoul of the state court's decision.

Similarly, under the *Rooker-Feldman* doctrine, "federal district courts [] may not exercise jurisdiction over general constitutional claims that are inextricably intertwined with specific claims already adjudicated in state court." *Ballinger v. Culotta*, 322 F.3d 546, 548–49 (8th Cir. 2003) (cleaned up). "[I]t is not necessary that the federal court action formally seek to invalidate the state judgment; it is enough if the federal action would in substance defeat or negate a state judgment, for example, if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." *Atkinson-Bird v. Utah, Div. of Child & Fam. Servs.*, 92 F. App'x 645, 647 (10th Cir. 2004); *see also Amerson v. Iowa*, 94 F.3d 510, 513 (8th Cir. 1996) (stating that it is "inappropriate for a federal district court to address a claim that necessitates invalidating a state court judgment on a matter committed to the states in order to grant the relief sought".) "[A]n unsuccessful state litigant cannot challenge an adverse state judgment and circumvent the rule of *Rooker–Feldman* simply by bringing a constitutional claim under the civil rights statutes." *Atkinson-Bird*, 92 F. App'x at 647.

6

In this matter, plaintiff's claims are inextricably intertwined with issues concerning the validity of the state court proceeding. A finding by this Court that the defendants presented false evidence and manipulated the child custody and visitation legal proceedings would impermissibly undermine the state court decision. Further, plaintiff has given no indication that her claims could not have received a full and fair determination in state court, and the state court, where the custody proceedings were held, would be better equipped to handle the issues that have arisen during plaintiff's interactions with defendants. *See Overman v. United States*, 563 F.2d 1287, 1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. Such cases touch state law and policy in a deep and sensitive manner, and as a matter of policy and comity, these local problems should be decided in state courts.") (internal citations omitted).

For the reasons stated, this Court finds that it does not have jurisdiction, or in the alternative that abstention is warranted, and this matter will be dismissed.

## B.  42 U.S.C. § 1983

Even if the Court had jurisdiction, the Amended Complaint fails to state a viable federal claim under § 1983 as explained below.[1]

Section 1983 makes liable any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State" subjects any person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim for relief under § 1983, a plaintiff must allege sufficient

---

[1] In accordance with the COA's judgment [Doc. 15], the Court will address whether the Amended Complaint states a claim.

facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (cleaned up).

   1. *Preliminary dismissals*

"The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. State of Mo.*, 973 F.2d 599, 600 (8th Cir. 1992) (per curiam). "Eleventh Amendment immunity extends to state agencies that are considered an arm of the State. *Gibson v. Arkansas Dept. of Correction*, 265 F.3d 718, 720 (8th Cir. 2001). The Scott County Children's Division and the Missouri Children's Division are references to the Children's Division of the Missouri Department of Social Services.[2] The Missouri Department of Social Services is a state agency entitled to Eleventh Amendment immunity. *Texas Community Bank, N.A. v. Missouri Dept. of Social Services, Div. of Medical Services*, 232 F.3d 942, 943 (8th Cir. 2000). Missouri has not waived its Eleventh Amendment immunity from suit in federal court under § 1983 for claims for damages, and Congress did not abrogate that immunity when it enacted § 1983. *Williams*, 973 F.2d at 600. Accordingly, plaintiff's claims against the Children's Division of the Missouri Department are barred.

The Amended Complaint also fails to state a claim for relief under § 1983 against the Children's Division of the Missouri Department of Social Services and Bequette and Cook in

---

[2] Plaintiff refers to the Scott County Children's Division in the case caption and list of parties but refers to the Missouri Children's Division in the statement of claim. [Doc. 18 at 1, 5, 11]. The Missouri Department of Social Services has a Children's Division. *See* https://dss.mo.gov/cd/. The Children's Division has an office in Scott County that is located at the address listed by plaintiff for the Scott County Children's Division in the Amended Complaint. *See* [*Id.* at 5], https://dss.mo.gov/cd/office/scott.htm.

their official capacities.  As a state entity, the Children's Division of the Missouri Department of Social Services is not a "person" for purposes of a lawsuit under § 1983.  *Will v. Mich Dept of State Police*, 491 U.S. 58, 64-65, 70-71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983").  And the official capacity claims against Bequette and Cook are the equivalent of naming the state agency that employs them.  *Will v. Mich Dept of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"); *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (an official capacity claim against an individual is actually against the governmental entity employing the individual).

### 2. *Due Process claim*

To establish a substantive due process violation, a plaintiff "must demonstrate *both* that the official's conduct was conscience-shocking, *and* that the official violated one or more fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." *Schmidt v. Des Moines Pub. Sch.*, 655 F.3d 811, 816 (8th Cir. 2011). Substantive due process "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." *Id.*

"To establish a procedural due process violation, a plaintiff need not only show a protected interest, but must also show that he or she was deprived of that interest without sufficient process, i.e., without due process." *Swipies v. Kofka*, 419 F.3d 709, 715 (8th Cir. 2005). "Due process is a flexible concept, requiring only such procedural protections as the particular situation demands." *Schmidt*, 655 F.3d at 817 (cleaned up). "The fundamental

9

requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Id*. at 817-18 (cleaned up).  In the context of child custody and visitation, "the meaningful time and meaningful manner assurances impose a duty on the state to hold a hearing." *Swipies*, 419 F.3d at 715 (cleaned up).

Plaintiff alleges the defendants violated her constitutional right to due process by presenting false drug test results to the state court and thereby interfering with her child custody and visitation rights.  [Doc. 18 at 10-11].  Although she repeats this allegation in various ways, she does not provide any information beyond that basic allegation.  She does not describe what information was provided to the state court or how it was presented. There is no information in the Amended Complaint regarding the substance of the state court decision on custody and visitation or the basis for the decision.  The allegation that the defendants interfered with plaintiff's child custody and visitation rights is vague and conclusory.  Plaintiff does not allege she was denied a pre-deprivation or post-deprivation hearing.  In sum, plaintiff has not alleged sufficient facts for the Court to find that she has stated a plausible substantive or procedural due process claim.

### 3. *Equal Protection claim*

The equal protection clause "prohibits government officials from selectively applying the law in a discriminatory way." *Central Airlines, Inc. v. United States*, 138 F.3d 333, 335 (8th Cir.1998).  "It protects fundamental rights, suspect classifications, and arbitrary and irrational state action." *Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir.1999) (cleaned up). "The unlawful administration by state officers of a state statute fair on its face, resulting in its unequal application to those who are entitled to be treated alike, is not a denial of equal protection unless there is shown to be present in it an element of intentional or purposeful

10

discrimination." *Batra v. Bd. of Regents of Univ. of Nebraska,* 79 F.3d 717, 721 (8th Cir. 1996). "[T]he key requirement is that plaintiff allege and prove unlawful, purposeful discrimination." *Id.* at 722.

Plaintiff makes the conclusory allegation in the Amended Complaint that the defendants collectively violated her constitutional right to equal protection under the law. [Doc. 18 at 11]. She does not allege any facts in support of that claim. Thus, the equal protection claim fails as a matter of law.

### 4. *Fourth Amendment claim*

Plaintiff alleges that her Fourth Amendment rights were violated because she "was forced to endure continued drug screenings which are seen as a search and seizure of her person due to the [d]efendants' actions." [Doc. 18 at 11]. This sole conclusory allegation fails to state a claim.

### 5. *Conspiracy*

Plaintiff alleges that the individual defendants engaged in a conspiracy to falsify drug tests results, present false information to the court, and interfere with her parental rights. [Doc. 18 at 10-11]. It is unclear if plaintiff's conspiracy claim is brought under § 1983 or § 1985(3) but either way it fails as a matter of law.

To support a § 1985(3) conspiracy claim under, a plaintiff must demonstrate "a class-based invidiously discriminatory animus." *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 684-85. Plaintiff has not alleged that she is a member of a protected class, nor that the alleged conspiracy was undertaken because of discriminatory animus.

"To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him or her of a constitutional right;

11

that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff." *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999).  Additionally, the plaintiff is required to prove the deprivation of a constitutional right or privilege.  *Id.*  "Absent a constitutional violation, there is no actionable conspiracy claim." *In re Kemp*, 894 F.3d 900, 910 (8th Cir. 2018).  Because the Amended Complaint fails to state a claim for a constitutional violation as detailed above, the conspiracy claim also fails.

### 6. HIPAA claim

The Health Insurance Portability and Accountability Act (HIPAA) does not create a private right and, therefore, "it cannot be privately enforced under § 1983 or through an implied right of action." *Adams v. Eureka Fire Prot. Dist.,* 352 F. App'x. 137, 139 (8th Cir.2009); *see also Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) ("HIPAA does not create a private right of action.").

### C.  Missouri State Law Claims

Without a viable federal claim, the Court would decline to exercise supplemental jurisdiction over any viable state law claim.  *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 19] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice.  A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

**SO ORDERED** this 20th day of May, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE