UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| TIFFANY VAUGHN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00138-SNLJ |
| | ) |
| PERFORMANCE LABS, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This closed case is before the Court on *pro se* plaintiff Tiffany Vaughn's Motion for Reconsideration of the Court's May 20, 2025 Order Dismissing the Case. [Doc. 24]. Vaughn requests that the Court reconsider and vacate the dismissal of this case. For the reasons stated below, the motion is denied.

### I. BACKGROUND

Vaughn filed this lawsuit alleging claims under 42 U.S.C. § 1983 and state law related to state court custody and visitation proceedings against defendants Performance 360, LLC (d/b/a EBO), the co-owners of EBO, an EBO employee, the Missouri Children's Division (MCD), and two MCD employees. [Doc. 1]. The Complaint was dismissed on the grounds of *res judicata* because Vaughn had previously filed a substantially similar lawsuit against the defendants that was dismissed for failure to state a claim. [Docs. 5, 6].

Vaughn appealed the dismissal to the Eighth Circuit Court of Appeals. [Doc. 9]. The Court of Appeals reversed the dismissal, ruling that the duplicative action could not

be dismissed under the doctrine of *res judicata* because the previous case was dismissed for failure to state a claim, not as frivolous. [Doc. 15]; *see also Vaughn v. Performance Labs, LLC,* No. 24-2920, 2024 WL 5265348 (8th Cir. Dec. 30, 2024). The Court of Appeals instructed this Court on remand to determine whether Vaughn's complaint states a claim. [*Id.*].

Following remand, this Court ordered Vaughn to file an Amended Complaint. [Doc. 17]. The Court then conducted a review of the Amended Complaint [Doc. 18] under its obligation to ensure that it has jurisdiction, and pursuant to 28 U.S.C. § 1915(e)(2) due to Vaughn's *in forma pauperis* status. Because the claims in the Amended Complaint are inextricably intertwined with state court proceedings involving custody and visitation rights of Vaughn's children, the Court concluded that it lacked jurisdiction, or alternatively, that abstention is warranted based on the domestic relations exception[1] to federal jurisdiction and the *Rooker-Feldman* doctrine. [Doc. 20]. The Court ruled that a finding in this lawsuit that the defendants presented false evidence and manipulated the child custody and visitation proceedings would impermissibly undermine the state court decision. Further, the Court concluded that Vaughn failed to state a viable claim under § 1983. As a result, the case was dismissed. [Doc. 21].

Vaughn filed the instant motion asking this Court to vacate the Order of Dismissal

---

[1] The Court also noted in Vaughn's initial case against the defendants that allegations involving interference with child custody and visitation, as well as misconduct related to child custody proceedings, are subject to dismissal pursuant to the domestic relations exception to federal jurisdiction. *Vaughn v. EBO Labs, et al.*, No. 1:23-cv-00079-SNLJ, Doc. 8 at 5-6 (July 14, 2023).

2

because it "was premature, procedurally improper, and contrary to controlling appellate precedent and detailed factual allegations." [Doc. 24 at ¶ 8]. She seeks relief from the dismissal under Rule 59(e) "to correct manifest errors of law or fact or to present newly discovered evidence" and under Rule 60(b) based on "mistakes, inadvertence, surprise, or excusable neglect." [*Id.* at ¶ 6].

## II. LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 59(e)

Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (cleaned up). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (quoting case omitted). "To prevail on a Rule 59(e) motion, the movant must show that (1) the evidence was discovered after trial; (2) the movant exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial considering the evidence would probably produce a different result." *Id.*  A district court has broad discretion in deciding whether to grant a Rule 59(e) motion. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998).

### B.  Federal Rule of Civil Procedure 60(b)

Under Rule 60(b)(1), a party may seek relief from a final Judgment or Order based

3

on mistake, inadvertence, surprise, or excusable neglect.[2] "Rule 60(b)(6) authorizes relief from final judgments in extraordinary circumstances." *In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.*, 496 F.3d 863, 868 (8th Cir. 2007). "Relief under this rule is exceedingly rare as relief requires an intrusion into the sanctity of a final judgment." *Id.* (cleaned up). Rule 60(b) is not meant to serve as a means to present merit-based arguments that the Court has already considered. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

### III. DISCUSSION

Vaughn's motion is based, in part, on a misunderstanding of the ruling by the Court of Appeals and the subsequent decision by this Court after the mandate. She incorrectly believes that the Court of Appeals instructed this Court to allow her claims to proceed to a determination on the merits. [Doc. 24 at ¶¶ 5, 21]. However, the Court of Appeals ruled only that her case was not properly dismissed <u>based on res judicata</u>. [Doc. 15]. The Court of Appeals remanded the case for this Court "to determine whether Vaughn's amended complaint states a claim." [*Id.*]. The Court further stated:

> If it does [state a claim], the district court should proceed to address the merits of Vaughn's second motion for leave to commence a civil suit *in forma pauperis*. If it does not [state a claim], denial of the motion to reconsider would be appropriate.

[*Id.*]. In other words, if on remand, this Court finds that Vaughn failed to state a claim, then dismissal would be proper. As such, the dismissal is not contrary to the remand by the Court of Appeals.

---

[2] A party may also file a Rule 60(b) motion based on other circumstances not alleged or argued by Vaughn. *See* Fed. R. Civ. P 60(b)(2), (3), (4), (5), (6).

4

Vaughn also argues that the Court erred in dismissing her case before service on the defendants. [Doc. 24 at ¶ 7]. However, the Eighth Circuit has affirmed preservice dismissal when the district court determines it lacks subject-matter jurisdiction. *See Robinson v. Pulaski Tech. Coll.*, 698 Fed. App'x. 859 (8th Cir. 2017); *Akins v. Wilson*, 598 Fed. App'x. 471 (8th Cir. 2015); *Jeep v. Tea Party/ GOP/ Republicans*, 560 Fed. App'x. 642 (8th Cir. 2014); *Givins v. Brisco*, 515 Fed. App'x. 624 (8th Cir. 2013); *Bradley v. Ashberry Park Apartments*, 103 Fed. App'x. 618 (8th Cir. 2004). The Eighth Circuit has also affirmed preservice dismissal of claims and complaints under 42 U.S.C. § 1983 filed *in forma pauperis*. *See Lemmons v. Chambers,* 23-2318, 2023 WL 5164011 (8th Cir. Aug. 11, 2023); *Stebbins v. Stebbins*, 575 Fed. App'x. 705 (8th Cir. 2014); *Benter v. Iowa, Dept. of Transp.*, 221 Fed. App'x. 471 (8th Cir. 2007); *Fogle v. Blake*, 227 Fed. App'x. 542 (8th Cir. 2007). Therefore, the Court did not err in dismissing this case due to a lack of jurisdiction or for failure to state a claim before service on defendants.

In support of her motion, Vaughn alleged additional facts and submitted documents that were not filed with her Amended Complaint. *See* [Docs. 18, 24, 25 at 1-6, 10-12, 19-23]. However, as previously stated, a Rule 59(e) motion "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933. Further, the documents, from 2020 and 2021, relate to the state court proceedings and are not newly discovered evidence that could be considered under Rule 59(e). Even if the Court could consider the documents, they demonstrate that the

5

allegations Vaughn makes in this case were previously raised in the state court proceedings. Therefore, the documents would support the finding that this Court lacks jurisdiction to hear Vaughn's claims.

Upon review of the record and Vaughn's motion, the Court finds that there is no manifest error of law or fact in the Order of Dismissal and Vaughn has not presented newly discovered evidence. Further, contrary to Vaughn's arguments, the dismissal was not premature, procedurally improper, or contrary to controlling precedent. [Doc. 24 at ¶ 8]. For these reasons, Vaughn is not entitled to relief under Rule 59(e) or Rule 60(b), and her motion will be denied.

Finally, Vaughn seeks recusal of the undersigned. The recusal of a judge is required if the judge bears a "personal bias or prejudice concerning a party" and where the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455. "The test for determining whether a judge's impartiality might reasonably be questioned is an objective one." *A.J. by L.B. v. Kierst*, 56 F.3d 849, 861 (8th Cir. 1995). In other words, the recusal of a judge "is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *United States v. Martin*, 757 F.3d 776, 778 (8th Cir. 2014). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Johnson v. Steele*, 999 F.3d 584, 587 (8th Cir. 2021) (quoted case omitted). Vaughn asserts no facts demonstrating bias or partiality, or any other disqualifying circumstance. "Unfavorable judicial rulings are not sufficient to require disqualification

6

absent a showing of pervasive personal bias and prejudice." *Id.* at 588 (cleaned up). Because there are no grounds for the undersigned's recusal, the request is denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Tiffany Vaughn's Motion for Reconsideration of the Court's May 20, 2025 Order Dismissing the Case is **DENIED**.

**IT IS FURTHER ORDERED** that the request for recusal of the undersigned is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal from this Order would not be taken in good faith.

**SO ORDERED** this 4th day of August, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE